UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. STROUD,<br><br>      Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>      Respondent. | Case No.: 19cv1047-GPC(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE RESPONDENT'S MOTION TO DISMISS [Doc. No. 10]** |

  Petitioner David L. Stroud, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, challenging his sentence in Riverside Superior Court Case No. RIF81741. [Doc. No. 1, at p. 3.] Before the Court is respondent's Motion to Dismiss the Petition [Doc. No. 10] and petitioner's Opposition thereto [Doc. No. 14].

  In the Motion to Dismiss, respondent argues that the District Court should dismiss the Petition, because it is untimely based on the one-year statute of limitations in Title 28, United States Code, Section 2244(d). [Doc. No. 10-1, at pp. 3-8.] Respondent also contends that the Petition should be dismissed, because it fails to state a claim for which habeas relief could be granted. [Doc. No. 10-1, at p. 8.] For the reasons outlined more fully below, it is RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss.

## *Background*

A jury found petitioner guilty of attempted murder with personal use of a firearm, and assault with a deadly weapon with personal use of a firearm and infliction of great bodily injury on the victim. The jury was unable to reach a verdict on allegations that petitioner committed these offenses for the benefit of a criminal street gang, so these allegations were dismissed. [Doc. No. 11-5, at pp. 1-2.] Thereafter, petitioner waived a jury trial on prior conviction allegations. The trial court concluded petitioner had previously been convicted of a robbery, an automobile theft, and possession of cocaine and had served separate prison terms for each offense. [Doc. No. 11-5, at p. 2; Doc. No. 11-2, at pp. 127-129.]

The record includes a transcript of the sentencing hearing held on September 16, 1999. [Doc. No. 11-2, at pp. 1, 127-136]. On Count 1, attempted murder, the trial court sentenced petitioner to a term of life "enhanced by an additional 20 years for the [California Penal Code Section] 12022.53(c) allegation" (*i.e.*, personal use of a firearm during the attempted murder).[1] [Doc. No. 11-2, at pp. 130-131.] The trial court also imposed a five-year, serious felony enhancement because of the prior robbery offense. However, the trial court did not impose a one-year enhancement because of the prior prison term served on the robbery offense. Instead, the trial court ordered the prior prison term allegations stricken on the robbery offense "by operation of law." [Doc. No. 11-2, at p. 131.] The trial court then added one year each for the prior prison terms served on the auto theft and cocaine possession offenses. Next, the trial court summarized the sentence on Count 1 as "27 years determinate, which has to be served and then he starts his life term" with eligibility for parole "doubled" to 14 years "because of the operation of the strike" (*i.e.*, the "special prior allegation" for robbery). [Doc. No. 11-2, at p. 131.] On Count 2, the trial court imposed a three-year prison term "enhanced by an additional

---

[1] Statutory references are to the California Penal Code unless otherwise noted.

2

three years for the great bodily injury allegation" and "enhanced by an additional four years for the use of a firearm" for a total of ten years to be served concurrently with the sentence imposed on Count 1. [Doc. No. 11-2, at p. 132.] A copy of the abstract of judgment is included in the record. The sentence outlined on the abstract of judgment is consistent with the sentence imposed by the trial court during the sentencing hearing. [Doc. No. 11-9, at pp. 35-36.]

### *Post-Sentencing Procedural History*

The California Court of Appeal affirmed the conviction and sentence outlined above in an opinion filed on November 3, 2000. [Doc. No. 11-5, at pp. 1-3.] A petition for review of this opinion was not filed in the California Supreme Court. [Doc. No. 11-6, at p. 4; Doc. No. 11-7, at pp. 58-59.]

On April 25, 2001, petitioner filed a habeas petition in the California Supreme Court raising several claims, including ineffective assistance of counsel and prosecutorial misconduct. [Doc. No. 11-7, at pp. 1-4.] The California Supreme Court summarily denied the petition on October 31, 2001. [Doc. No. 11-8, at p. 1.]

About seventeen (17) years later, on June 11, 2018, petitioner filed a habeas petition in the Riverside Superior Court raising two claims: (1) the trial court erred in imposing a one-year term under Section 667.5(b) based on his prior robbery offense; and (2) the trial court should consider whether to dismiss or strike the firearm enhancement "as permitted by the amendment of Penal Code § 12022.53(h)" in the "new[ly] enacted SB 620." [Doc. No. 11-9, at pp. 1, 7, 23, 26-30, 32.] In a reasoned opinion, the Riverside Superior Court denied the June 11, 2018 petition on June 29, 2018. [Doc. No. 11-10, at pp. 1-2.]

On August 1, 2018, petitioner filed a request for reconsideration in the Riverside Superior Court [Doc. No. 11-11], but this request was summarily denied. [Doc. No. 11-12, at p. 1.] Thereafter, petitioner filed a new state habeas petition in Riverside Superior Court on August 7, 2018 raising the same issues, but this petition was denied as "successive" on August 9, 2018. [Doc. No. 11-13; Doc. No. 11-14, at pp. 1-2.]

3

1  Next, petitioner filed a habeas petition raising the same issues in the California Court of Appeal on September 6, 2018. [Doc. No. 11-15, at p. 4.] The California Court of Appeal summarily denied this petition on October 10, 2018. [Doc. No. 11-16.] Finally, petitioner raised the same issues in a habeas petition filed in the California Supreme Court, but this petition was denied on April 17, 2019. [Doc. No. 11-17, at pp. 1-4; Doc. No. 11-18, at p. 1.] The instant Federal Petition was then filed in this Court on June 3, 2019. [Doc. No. 1.]

### *The Federal Petition*

The Federal Petition alleges violations of due process in connection with the sentence imposed in Riverside Superior Court Case No. RIF81741, based on the same arguments presented in the most recent round of state habeas petitions filed beginning on June 11, 2018. First, the Petition alleges the trial court imposed and then failed to correct a sentence that included a five-year enhancement and a one-year enhancement based on the same set of facts in violation of the California Supreme Court's decision in *People v. Jones*, 5 Cal.4th 1142 (1993). Because of this alleged failure to correct an unlawful sentence, petitioner claims he suffered "a miscarriage of justice" that imposed a hardship on him by requiring him to spend an additional year in prison. [Doc. No. 1, at pp. 7, 27-29.] Second, the Petition alleges the trial court imposed but failed to strike "any firearms enhancement" based on retroactive application of S.B. 620. [Doc. No. 1, at p. 35.] S.B. 620, effective January 1, 2018, amended Section 12022.53 to authorize trial courts to strike or dismiss an enhancement at the time of sentencing. *People v.* Woods, 19 Cal. App. 5th 1080, 1090 (2018). As noted above, the trial court in petitioner's case imposed a 20-year enhancement under Section 12022.53(c) for the personal use of a firearm during the attempted murder. [Doc. No. 11-2, at pp. 130-131.]

### *Discussion*

**I.  *Motion to Dismiss Standards*.**

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

4

legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed.R.Civ.P. 8(a)(2). A motion to dismiss should be granted if the plaintiff or petitioner fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Federal Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[T]hreadbare recitals" of the elements of a cause of action, "supported by mere conclusory statements," are not enough. *Ashcroft v. Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II. *Respondent's Motion to Dismiss and Petitioner's Opposition.*

Respondent argues that the Petition should be dismissed for several reasons. First, the Petition is untimely, because petitioner's conviction became final in 2001, and the one-year statute of limitations that applies to Federal habeas petitions has long since expired. Second, there is no factual basis for a later start date or an extension of the one-year statute of limitations. Third, there is no factual basis for equitable tolling of the one-year statute of limitations under the circumstances presented in this case. Fourth, respondent contends the Petition fails to state a claim for which Federal habeas relief

5

could be granted, because his claims involve sentencing matters that are governed by state law and do not raise a Federal constitutional question. [Doc. No. 10-1, at pp. 3-8.]

In his Opposition to respondent's Motion to Dismiss, petitioner contends his Petition states a Federal claim for which relief can be granted, so the District Court should consider the merits of his Petition and remand the case back to the state court to re-open his case for all purposes, hear his "S.B. 620 arguments as permitted by Section 1260," and "correct the unlawful sentence." [2] [Doc. No. 14, at pp. 5-9.] Petitioner believes that the state courts' "failure to address and correct his unlawful sentence . . . deprived him of due process and equal protection of the law." [Doc. No. 14, at pp. 6, 12.] According to petitioner, Section 1260 allows the state trial court to correct the alleged sentencing error, and this would then re-open his case for consideration of the retroactive application of S.B. 620, because S.B. 620 expressly applies "to any resentencing that may occur pursuant to 'any other law.'" [Doc. No. 14, at pp. 7-8.] [3] [Doc. No. 14, at pp. 10-11.]

In his Opposition, petitioner also argues that his Petition "qualifies for statutory tolling" under 28 U.S.C. Section 2244(d)(2), because his recent state habeas petitions are the equivalent of "a motion to vacate an illegal sentence." [Doc. No. 14, at pp. 10-11.]

---

[2] Section 1260 provides as follows: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." Cal. Penal Code § 1260.

[3] Petitioner's Opposition further states that his Federal Petition "is also pursuant to [Rule 35(a) and] Rule 35(b) of the Federal Rules of Criminal Procedure," which allows "this Court" to reduce or vacate any sentence that was illegally imposed. [Doc. No. 14, at pp. 6, 9.] However, the Federal Rules of Criminal Procedure, including Rule 35, apply only to federal criminal proceedings and not to federal habeas review of state court criminal matters. *U.S. ex rel. Gaugler v. Brierly*, 477 F.2d 516, 523 (3d Cir. 1973). Accordingly, the Petition does not state any tenable basis for relief under Rule 35(b).

1 Petitioner's Opposition does not otherwise address respondent's statute of limitations
2 arguments. [Doc. No. 14, at p. 10.]

### III. *The One-Year Statute of Limitations and Statutory Tolling*.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner who seeks to challenge a state court conviction must generally file a Federal habeas petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, as outlined above, the record shows that petitioner appealed his conviction in the California Court of Appeal, which affirmed the conviction on November 3, 2000. A petition for review was not filed in the California Supreme Court. [Doc. No. 11-6, at p. 4; Doc. No. 11-7, at pp. 58-59.] Under California Rules of Court, the Court of Appeal's decision became final in that court thirty (30) days after the decision was filed. Cal. R. Ct. 8.366(b)(1). Petitioner then had another ten (10) days after the California Court of Appeal's decision became final to file a petition for review in the California Supreme Court. Cal. R. Ct. 8.500(e)(1). Therefore, as respondent contends, petitioner's conviction became final for purposes of Section 2244(d)(1)(A), and the one-year limitations period began to run, on or about December 13, 2000. Absent tolling or a later start date, the one-year statute of limitations would have expired after one year on December 13, 2001.

Under AEDPA, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). However, "[t]he statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.' [Citation omitted.]" *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). This time is not tolled, because no application for "other collateral review" is "pending." *See* 28 U.S.C. § 2244(d)(2).

///

7

On April 25, 2001, 133 days after the one-year statute of limitations began to run, petitioner filed a habeas petition in the California Supreme Court, and the California Supreme Court summarily denied the petition on October 31, 2001. [Doc. No. 11-7, at pp. 1-4; Doc. No. 11-8, at p. 1.] Based on the Ninth Circuit's decision in *Roy v. Lampert*, 465 F.3d at 968, the one-year statute of limitations was not tolled under Section 2244(d)(2) for the 133 days between the time petitioner's state conviction became final on or about November 3, 2000, and April 25, 2001, when petitioner filed his first state habeas petition in the California Supreme Court. The statute of limitations was tolled from April 25, 2001 until October 31, 2001, when the California Supreme Court summarily denied the petition. The one-year statute of limitations also began to run again on October 31, 2001. At this time, petitioner had 233 more days to file a timely petition in Federal court. Absent tolling or a later start date, the statute of limitations expired 233 days later, on or about June 21, 2002.

On June 11, 2018, about seventeen (17) years later, and long after the one-year limitations period expired, petitioner began his new round of state habeas petitions. Once the statute of limitations has expired, Section 2244(d)(2) does not permit the revival or re-initiation of the limitations period if the petitioner begins filing a new round of state habeas petitions. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, unless there is some other basis for a later start date or equitable tolling, the Petition is untimely, because it was filed long after the expiration of the one-year statute of limitations.

In support of his contention that his state petitions qualify for statutory tolling, because they are the equivalent of "a motion to vacate an illegal sentence," petitioner cites *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001), *overruled on other grounds by Pliler v. Ford*, 542 U.S. 225, 231(2004). However, the *Tillema* decision does not support petitioner's contention, because the facts at issue in *Tillema* are not comparable to those at issue here. In *Tillema*, 253 F.3d at 503, the Ninth Circuit concluded that a motion to vacate an illegal sentence, ***which was filed prior to the expiration of the one-year statute***

8

*of limitations*, was "properly filed" under Section 2244(d)(2) and therefore tolled the statute of limitations. *Id.* at 498-500 (emphasis added). In this case, the habeas petitions filed in the state court system beginning on June 11, 2018 did challenge an alleged illegal sentence. However, unlike the motion to vacate an illegal sentence in *Tillema*, which was filed ***prior to*** the expiration of the one-year statute of limitations, the state habeas petitions at issue in this case were all filed many years after the one-year statute of limitations had expired. Therefore, the *Tillema* case does not support petitioner's argument that statutory tolling applies to make his Federal Petition timely.

The AEDPA does include some provisions that would delay the start of the running of the statute of limitations. 28 U.S.C. §§ 2244(d)(1)(B), (C), & (D). For example, Section 2244(d)(1)(C) provides that the limitations period may begin on "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the [United States] Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). *See also* §§ 2244(d)(1)(B)&(D).

Respondent speculates that petitioner may believe Section 2244(d)(1)(C) applies, so that the running of the one-year statute limitations in Section 2244(d) is based on a newly recognized right by the passage of S.B. 620 in October 2017, making its changes effective on January 1, 2018. [Doc. No. 10-1, at p. 4.] However, as respondent points out, Section 2244(d)(1)(C) does not apply to make the Petition in this case timely, because it only applies to newly recognized rights by the United States Supreme Court and does not apply to new rights recognized by a change in state law. *See, e.g., Dodd v. United States*, 545 U.S. 353, 357-359 (2005).

Sections 2244(d)(1)(B) and (D) also do not apply in this case to make the Petition timely. In *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), the Ninth Circuit held that a modification or clarification of state law does not trigger a later start date for the running of the one-year statute of limitations under Sections 2244(d)(1)(B) or (D). *Id.* at 1087. According to the Ninth Circuit in *Shannon v. Newland*, 410 F.3D 1083, a

modification or clarification of state law does not constitute an "impediment" to filing under Section 2244(d)(1)(B) or "a factual predicate" that could not have been discovered "through the exercise of due diligence" under Section 2244(d)(1)(D). *Id.*

## IV. *Equitable Tolling*.

"[A] prisoner who files his federal petition for writ of habeas corpus after AEDPA's one-year statute of limitations has expired may be entitled to equitable tolling." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017). However, "[e]quitable tolling will not be available in most cases . . . ." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *reh'g granted, opinion modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006). Equitable tolling of AEDPA's one-year limitations period applies "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling may be appropriate where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Id.* For example, in *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), the Ninth Circuit concluded that equitable tolling was justified because of "egregious behavior" by the petitioner's retained attorney. *Id.* at 801.

Here, petitioner has not presented any reason he believes equitable tolling applies under the circumstances of this case. In addition, petitioner has not cited, and this Court was unable to locate, any binding or persuasive authority indicating that equitable tolling would apply when a habeas petitioner challenges a state court sentencing error or a modification of state sentencing law many years after the sentence was imposed and many years after the judgment and sentence became final. The Court has no basis to conclude these facts could be considered "extraordinary circumstances" that would justify equitable tolling of the one-year statute of limitations in Section 2244(d)(1). Therefore, it is this Court's view that petitioner is not entitled to equitable tolling that would render the filing of his Federal Petition timely.

///

10

19cv1047-GPC(KSC)

In sum, the Federal Petition in this case is untimely, because it was filed long after the expiration of the one-year statute of limitations set forth in Section 2244(d)(1)(A), and because no facts have been presented to indicate petitioner is entitled to a later start date or statutory tolling under Section 2244(d)(1)(B), (C), (D) or (d)(2). Nor has petitioner presented any facts to indicate he is entitled to equitable tolling based on extraordinary circumstances. It is therefore RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss because the Petition is untimely.

## V.  *Failure to State a Claim.*

Even if petitioner could establish that tolling or a later state date applies to render his Petition timely, respondent argues he would not be entitled to relief. Respondent is correct.

First, to the extent petitioner claims in his Petition that the state courts violated his right to due process by failing to correct an alleged illegal sentence, he has not stated a viable federal constitutional claim. [Doc. No. 1, at pp. 7, 27-29.] Essentially, petitioner's claim is that the state courts did not follow California law when they declined to correct a sentence that petitioner believes is unlawful. "[I]t is not the province of a federal habeas court to re-examine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[A]lleged errors in the application of state law are not cognizable in federal habeas review." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Id.* "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Second, to the extent petitioner contends in the Petition that his right to due process was violated because the state court imposed a sentence that violates the California Supreme Court's decision in *People v. Jones*, 5 Cal. 4th 1142 [Doc. No. 1 at pp. 7, 27-29], he has not stated a viable claim. A review of the state court record shows there is no factual basis for petitioner's allegation. [Doc. No. 1, at pp. 7, 27-29.] The defendant in

*People v. Jones*, 5 Cal. 4th 1142, served three prior prison terms for three separate felonies, and one of those felonies (an aggravated form of kidnapping) also qualified as a "serious felony" under Section 667(a). The trial court imposed one-year enhancements for the prior prison terms served on each of the three prior felony offenses under Section 667.5(b) and then also imposed a five-year enhancement under Section 667(a) because the prior kidnapping offense qualified as a "serious felony." *People v. Jones*, 5 Cal. 4th at 1145. The California Supreme Court affirmed the greater "serious felony" enhancement of five years under Section 667.5(b) on the prior kidnapping offense but concluded the one-year enhancement imposed because of the prior prison term served on the same kidnapping offense should be stricken. *Id.* at 1153. In sum, the California Supreme Court in *People v. Jones* held that a single prior, serious felony offense could not be used twice to impose a prior "serious felony" enhancement under Section 667(a) and to also impose a prior prison term enhancement under Section 667.5(b). *Id.* at 1149–1150. *See also People v. Baird*, 12 Cal. 4th 126, 128 (1995).

Here, the trial court concluded petitioner had previously been convicted of three felony offenses and had served a prior prison term for each offense: (1) a robbery on June 21, 1993, which qualified as a "serious felony" under Section 667(a); (2) an automobile theft on January 11, 1990; and (3) felony possession of cocaine on June 24, 1988. [Doc. No. 11-5, at p. 2; Doc. No. 11-2, at pp. 127-129.] The transcript of petitioner's sentencing hearing shows that the trial court imposed a five-year, "serious felony" enhancement because of the prior robbery offense but declined to also impose a one-year prior prison term enhancement for this same offense "by operation of law." [Doc. No. 11-2, at p. 131.] The trial court also imposed one-year prior prison enhancements on the other two prior felonies for automobile theft and cocaine possession. [Doc. No. 11-2, at p. 131.] In addition, the record includes a copy of the abstract of judgment. The sentence detailed in the abstract of judgment is consistent with the transcript of the sentencing hearing. [Doc. No. 11-9, at p. 35.] In short, petitioner's sentence does not violate *People v. Jones*, 5 Cal. 4th 1142, 1145-1153, because the trial

12

1 court did not use petitioner's prior "serious felony" robbery offense to impose two
2 separate enhancements under Sections 667(a) and 667.5(b).

3       Third, to the extent he contends his right to due process was violated because the
4 state courts did not retroactively apply S.B. 620 to his case [Doc. No. 1, at p. 35],
5 petitioner has not alleged a viable Federal claim. Once again, "[a]lleged errors in the
6 application of state law are not cognizable in federal habeas review." *Langford v. Day*,
7 110 F.3d at 1389. Petitioner may not "transform a state-law issue into a federal one
8 merely by asserting a violation of due process." *Id.* As noted above, the Petition alleges
9 the trial court imposed but failed to retroactively strike "any firearms enhancement"
10 based on retroactive application of S.B. 620, which modified Section 12022.53. [Doc.
11 No. 1, at p. 35.] The record shows that the trial court in petitioner's case imposed a 20-
12 year enhancement under Section 12022.53(c) at the time he was sentenced on
13 September 16, 1999. [Doc. No. 11-2, at pp. 1, 130; Doc. No. 11-9, at p. 35.] However,
14 California courts have concluded that Senate Bill 620 only applies retroactively to
15 judgments in criminal cases that were not final as of January 1, 2018, the effective date of
16 the bill. *See, e.g., People v. Fox*, 34 Cal. App. 5th 1124, 1127 (2019) (stating that
17 "Senate Bill No. 620 applies to defendants whose judgments were not final when the law
18 took effect"); *People v. Hurlic*, 25 Cal. App. 5th 50, 56 (2018) (stating that "the courts
19 have unanimously concluded that Senate Bill No. 620's grant of discretion to strike
20 firearm enhancements under Section 12022.53 applies retroactively to all nonfinal
21 convictions"). Therefore, even if petitioner's challenge to the application of S.B. 620
22 was cognizable as a due process claim on Federal habeas review, which it is not,
23 petitioner would not be entitled to habeas relief. Under California law, petitioner is not
24 eligible to have his sentence reconsidered under S.B. 620, because his conviction became
25 final long before the January 1, 2018 effective date. Accordingly, IT IS
26 RECOMMENDED that respondent's Motion to Dismiss also be GRANTED for failure
27 to state a claim.
28 ///

## *Conclusion*

Based on the foregoing, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss [Doc. No. 13], because the Petition is time-barred under Title 28, United States Code, Section 2244(d)(2) and there are no facts to support equitable tolling of the one-year limitations period.

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that no later than ***April 24, 2020*** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served no later than ***May 1, 2020***.

The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 24, 2020

Hon. Karen S. Crawford
United States Magistrate Judge