1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10

11  DAVID L. STROUD,                        Case No.:  19-cv-01047-GPC(KSC)

12                          Petitioner,     **ORDER ADOPTING IN PART**
                                            **REPORT AND**
13  v.                                      **RECOMMENDATION GRANTING**
                                            **MOTION TO DISMISS PETITION**
14  RAYMOND MADDEN, Warden,

15                          Respondent.     **[ECF No. 10.]**
16

17          Petitioner David L. Stroud ("Petitioner"), a state prisoner proceeding *pro se* and *in*

18  *forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28

19  U.S.C. § 2254 on June 3, 2019. (ECF No. 1.) Respondent Raymond Madden, the

20  Warden, ("Respondent") filed a Motion to Dismiss. (ECF No. 10.) Petitioner filed an

21  Opposition. (ECF No. 14.) Magistrate Judge Karen S. Crawford issued a Report and

22  Recommendation ("Report") recommending the Court grant Respondent's Motion to

23  Dismiss. (ECF No. 17.) Petitioner filed an objection to the Magistrate Judge's Report on

24  June 25, 2020. (ECF No. 20.) After a thorough review of the issues and for the reasons

25  set forth below, this Court **ADOPTS in part** the Magistrate Judge's Report and

26  **GRANTS** Respondent's Motion to Dismiss.

27  / / /

28

1

**Factual Background**

On August 19, 1999, a jury found Petitioner guilty of attempted murder with personal use of a firearm, assault with a deadly weapon with personal use of a firearm, and infliction of great bodily injury on the victim. (ECF No. 11-2, Lodgment 1 Part 2, at 117–19[1]; ECF No. 11-3, Lodgment 2, at 179–84.) The jury was unable to reach a verdict on allegations that Petitioner committed these offenses for the benefit of a criminal street gang, so these allegations were dismissed. (ECF No. 11-2, Lodgment 1 Part 2, at 121.) Thereafter, Petitioner waived a jury trial on prior conviction allegations. The trial court concluded Petitioner had previously been convicted of a robbery, an automobile theft, and possession of cocaine and had served separate prison terms for each offense. (*Id.* at 127–29.)  The trial court sentenced Stroud to an indeterminate term of life with a possibility of parole plus 27 years.  (*Id.* at 233-34.)

**Procedural Background**

**A. Direct Appeal**

On April 21, 2000, Petitioner, with counsel, appealed his conviction to the California Court of Appeal. (ECF No. 11-4, Lodgment 3.) On November 3, 2000, the California Court of Appeal affirmed the judgment of the Superior Court of Riverside County. (ECF No. 11-5, Lodgment 4.) Petitioner did not file a petition for review with the California Supreme Court.

**B. State Habeas Corpus Proceedings**

On April 25, 2001, Petitioner filed a habeas petition in the California Supreme Court raising several claims, including ineffective assistance of counsel and prosecutorial misconduct. (ECF No. 11-7, Lodgment 6.) The California Supreme Court summarily denied the petition on October 31, 2001. (ECF No. 11-8, Lodgment 7.)

---

[1] Page numbers are based on the CM/ECF pagination.

About seventeen years later, on June 11, 2018, Petitioner filed a habeas petition in the Riverside County Superior Court raising two claims: (1) the trial court erred in imposing a one-year term under Section 667.5(b) based on his prior robbery offense contrary to *People v. Jones*, 5 Cal. 4th 1142 (1993); and (2) the trial court should consider whether to dismiss or strike the firearm enhancement "as permitted by the amendment of Penal Code § 12022.53(h)" in the "new[ly] enacted SB 620." (ECF No. 11-9.) The Riverside County Superior Court denied the petition on June 29, 2018 in a one paragraph order. (ECF No. 11-10, Lodgment 9.)

On August 1, 2018, Petitioner filed a request for reconsideration in the Riverside County Superior Court, (ECF No. 11-11, Lodgment 10) but the request was summarily denied. (ECF No. 11-12, Lodgment 11.) Thereafter, Petitioner filed a new state habeas petition in the Riverside County Superior Court on August 7, 2018 raising the same issues, but this petition was denied as "successive" on August 9, 2018. (ECF No. 11-13; ECF No. 11-14.)

Next, Petitioner filed a habeas petition raising the same issues in the California Court of Appeal on September 6, 2018. (ECF No. 11-15, Lodgment 14.) The California Court of Appeal summarily denied this petition on October 10, 2018. (ECF No. 11-16, Lodgment 15.) Finally, Petitioner raised the same issues in a habeas petition filed in the California Supreme Court on November 29, 2018, but this petition was denied on April 17, 2019. (ECF No. 11-17, Lodgment 16; ECF No. 11-18, Lodgment 17.)

The instant petition was filed in this Court on June 3, 2019. (ECF No. 1.) Petitioner raises one claim that he was denied his due process rights and was denied equal protection under the law by the failure of the state court to correct sentence as he was sentenced under an enhancement statute in violation of California Supreme Court precedent of *People v. Jones*, 5 Cal. 4th 1142 (1993).[2]  (ECF No. 1, Pet. at 7, 27-29.)

---

[2] Petitioner did not raise the SB 620 claim in his petition.

**Discussion**

**A.    Standard of Review of Report and Recommendation**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If objections are made, the Court reviews the magistrate judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974). The district court need not review *de novo* those portions of a Report to which neither party objects. *Reyna-Tapia,* 328 F.3d at 1121-22. Because Petitioner has filed an objection to the Magistrate Judge's Report, the Court turns to a *de novo* review of the findings and recommendation.

**B.    Statute of Limitations**

Respondent moves to dismiss the Petition on the ground that it is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (ECF No. 10-1 at 3–6.) Respondent argues that Petitioner's case became final on December 13, 2000, and contends that, without tolling, the limitations period expired on December 13, 2001. (*See id.* at 5 (citing *Gonzalez v. Thaler*, 565 U.S. 134 (2012).) Asserting that the Petition was filed in 2019, Respondent reasons that without statutory or equitable tolling, it is untimely. (*See id.* at 5.)

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d).  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Respondent alleges that the Petition is barred based on 28 U.S.C. § 2244(d)(1)(A), "the date on which the judgment of conviction becomes final by the conclusion of direct review."

A petition for writ of habeas corpus may be dismissed with prejudice when it was not filed within AEDPA's one-year statute of limitations. *See Jiminez v. Rice*, 276 F.3d 478, 483 (9th Cir. 2001). The statute of limitations is a threshold issue that must be resolved before the merits of individual claims. *White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).

Here, the California Court of Appeal affirmed Petitioner's conviction and sentence on November 3, 2000. (ECF No. 11-5, Lodgment 4.) Petitioner did not file a petition for review with the California Supreme Court. When a habeas petitioner seeks direct review by a state's intermediate appellate court but does not file a petition for review with the state's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

Petitioner's judgment became final for the purposes of AEDPA on December 13, 2000, forty days after the California Court of Appeal handed down its decision. *See id.*; Cal. R. Ct. 8.500(e)(1)[3], 8.366(b)(1).[4] Pursuant to § 2244(d), the statute of limitations for habeas corpus relief began to run on December 14, 2000, the day after the judgment

---

[3] California Rule of Court 8.500(e)(1) states that "[a] petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."

[4] California Rule of Court 8.366(b)(1) clarifies when a decision becomes final, stating that "[e]xcept as otherwise provided in this rule, a Court of Appeal decision in a criminal appeal, including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."

became final. *See* 28 U.S.C. § 2244(d)(1)(A); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). The one-year statute of limitations expired on December 14, 2001.[5] *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) ("In computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included." (quoting Fed. R. Civ. P. 6(a))).

Petitioner's habeas petition was filed on June 3, 2019 over seventeen years later. Therefore, unless Petitioner is entitled to statutory or equitable tolling, his action is barred by AEDPA's one-year statute of limitations.

### 1.   Statutory Tolling

Respondent asserts that only Petitioner's initial petition for writ of habeas corpus filed with the California Supreme Court on April 25, 2001 qualifies for statutory tolling. (ECF No. 10-1 at 6.) Respondent explains that Petitioner's later state habeas petitions filed in 2018 are precluded from qualifying for statutory tolling. Respondent maintains that, despite this initial state petition qualifying for statutory tolling, there is still no statutory tolling sufficient to make the instant federal petition timely. (*Id.*) Petitioner responds that under 28 U.S.C. § 2244(d)(2) a motion to vacate an illegal sentence qualifies for statutory tolling, thereby making the instant federal petition timely. (ECF No. 14 at 10.)

The statute of limitations under AEDPA is tolled during periods in which a "properly filed" habeas corpus petition is "pending" in the state courts. 28 U.S.C. § 2244(d)(2). The statute specifically provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[5] The Magistrate Judge's Report incorrectly found that "the one-year statute of limitations would have expired after one year on December 13, 2001." (ECF No. 17 at 7.)

limitation under this subsection." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

Here, even with Petitioner's initial state court petition qualifying for statutory tolling, the Court finds that there is insufficient statutory tolling to make the federal petition timely. As stated above, the limitations period began to run on December 14, 2000. Petitioner's first state court petition for a writ of habeas corpus was filed with the California Supreme Court on April 25, 2001. "The statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.' [Citation omitted.]" *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). This time is not tolled, because no application for "other collateral review" is "pending." *See* 28 U.S.C. § 2244(d)(2). Accordingly, the one-year statute of limitations was not tolled under Section 2244(d)(2) for the 132[6] days between the time Petitioner's state conviction became final on December 13, 2000, and April 25, 2001, when Petitioner filed his first state habeas petition with the California Supreme Court. However, statutory tolling applied from April 25, 2001, when he filed the habeas petition until October 31, 2001, when the California Supreme Court summarily denied the petition. Then on November 1, 2001, the statute of limitations began to run again.  At this time, Petitioner had 233 more days, or until June 21, 2002, to file a timely a petition in Federal court. However, Petitioner waited 6067 days, until June 11, 2018, before filing his habeas petition with the Riverside County Superior Court. (ECF No. 11-9, Lodgment 8.) The Court finds that the Petitioner is not entitled to interval tolling for this period of time.

---

[6] The Magistrate Judge's Report calculates 133 days between December 13, 2000 and April 25, 2001. Per the Court's ruling in *Corjasso* that the statute of limitations for federal habeas cases begins to run the day *after* the ruling becomes final, and assuming that the statute of limitations begins tolling the *day* that Petitioner files their first state habeas petition, the correct number of days is actually 132.

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007) (citing *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)). A petitioner is thus entitled to statutory tolling, "not only for the time that his petitions were actually under consideration, but also for the intervals between filings," *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey*, 536 U.S. at 223), so long as those filings are timely. *Carey*, 536 U.S. at 225–26.

In California, a petition for collateral review is timely filed within a "reasonable" amount of time. *Id.* at 222–23. Petitioner waited 6067 days after his habeas petition was denied by the California Supreme Court to file a petition with the Riverside County Superior Court. This gap is presumably explained by the sudden passage of SB 620 in October 2017. Respondent speculates that Petitioner may believe Section 2244(d)(1)(C) applies so that the running of the one-year statute of limitations in section 2244(d) is based on a newly recognized right by the passage of SB 620, making its changes effective on January 1, 2018. (ECF No. 17 at 9 (citing ECF No. 10-1 at 4).) However, as the Magistrate Judge found in the Report, Section 2244(d)(1)(C) does not apply to make the Petition in this case timely, because it only applies to newly recognized rights by the United States Supreme Court and does not apply to new rights recognized by a change in state law. (*Id.* at 9 (citing *Dodd v. United States*, 545 U.S. 353, 357–59 (2005)).) Sections 2244(d)(1)(B) and (D) also do not apply in this case to make the Petition timely. In *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), the Ninth Circuit held that a modification or clarification of state law does not trigger a later start date for the running of the one-year statute of limitations under Sections 2244(d)(1)(B) or (D). *Id.* at 1087. According to the Ninth Circuit in *Shannon*, a modification or clarification of state law does not constitute an "impediment" to filing under Section 2244(d)(1)(B) or "a factual

predicate" that could not have been discovered "through the exercise of due diligence" under Section 2244(d)(1)(D). *Id.*

Moreover, the Petition was not filed within a "reasonable time," presumptively thirty to sixty days. *Velasquez v. Kirkland*, 639 F.3d 964, 967-68 (9th Cir. 2011) (comparing reasonableness with other states' 30 to 60 days to file an appeal and finding delays of 81 and 91 days were unreasoanble); *see Evans v. Chavis*, 546 U.S. 189, 200-01 (2006) (unexplained six-month delay was unreasonable in comparison to 30 to 60 days that most State provide for filing an appeal). "[I]f the successive petition was not timely filed, the period between petitions is not tolled." *Banjo v. Ayers*, 614 F.3d 964, 969 (9th Cir. 2010) (unexplained delay of 146 days was unreasonable). Thus, the statute of limitations is not statutorily tolled for the 6067 days between the California Supreme Court's order denying Petitioner's first state habeas petition and the habeas petition he filed with the Riverside County Superior Court. This delay was unreasonable, and the time must be counted toward the limitations period. *See Livermore v. Sandor*, 487 Fed. App'x. 342, 343–44 (9th Cir. 2012) (concluding that delay of seventy-six days between state habeas petitions was unreasonable); *Bennett v. Felker*, 635 F.Supp.2d 1122, 1126-27 (C.D. Cal. 2009) (ninety-three days was unreasonable).

Therefore, the statutory tolling does not save Petitioner's claims from being barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

## 2.   Equitable Tolling

Equitable tolling of the statute of limitation is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Holland v. Florida*, 560 U.S. 631, 632 (2010) (quoting *Pace*, 544 U.S. at 418); *see also Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (same). A petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a timely petition. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).

1    "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very

2    high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th

3    Cir. 2002) (alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005,

4    1010 (7th Cir. 2000)). The failure to file a timely petition must be the result of external

5    forces, not the result of the petitioner's lack of diligence. *Miles v. Prunty*, 187 F.3d 1104,

6    1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-

7    specific inquiry.'" *Spitsyn*, 345 F.3d at 799 (quoting *Frye v. Hickman*, 273 F.3d 1144,

8    1146 (9th Cir. 2001)).

9        Respondent argues that equitable tolling is not warranted in this case because

10   "Stroud appears to assert that the cause of any delay lies with appellate counsel for not

11   raising this claim. But . . . S.B. 620 did not exist until 2017, and Stroud's appellate

12   counsel in 2000 was not required to know future laws." (ECF No. 10-1 at 8.) In his

13   Objection, Petitioner states an unlawful sentence can be corrected at any time under

14   California Penal Code section 1260 and *People v. Braxton*, 34 Cal. 4th 798, 818–819

15   (2004), (ECF No. 20 at 2, 6), and that as such, the court may also address S.B. 620

16   arguments which can be applied retroactively, (*id.* at 7.)

17       However, Petitioner has not provided any federal legal bases to support his

18   argument that the one-year statute of limitations under AEDPA and equitable tolling do

19   not apply to a petitioner seeking relief from a state court conviction.  AEDPA imposes a

20   one-year statute of limitations period, 28 U.S.C. § 2244(d), and the United States

21   Supreme Court has held that equitable tolling applies to this statutory deadline.  *See*

22   *Holland*, 560 U.S. at 645.  In addition, Petitioner asserts that a change in law justifies

23   equitable tolling, as the law not existing at the time of sentencing constituted an

24   extraordinary circumstance beyond Petitioner's control which made it impossible for

25   Petitioner to file a timely petition. The Ninth Circuit, however, has rejected the claim that

26   a change in law warrants equitable tolling. *See Shannon*, 410 F.3d at 1090 (rejecting

27   contention that the time between petitioner's conviction and a state court decision

28   clarifying state law should be equitably tolled, as this "would open the door for any state

10

prisoner to file a habeas petition anytime a state court issues a clarification of state law. Such an interpretation cannot be squared with the goals of finality that are central to AEDPA.") Moreover, a recent district court case dealing specifically with SB 620 came to the same conclusion. *See Magana v. California*, No. SACV 19-00021-FMO (JDE), 2019 WL 1714549, at \*4 (C.D. Cal. Feb. 22, 2019) ("[T]o the extent Petitioner may contend that the enactment of SB 620 warrants equitable tolling, such change in law does not constitute the requisite extraordinary circumstance warranting equitable tolling."). The Court thus has no basis to conclude these facts could be considered "extraordinary circumstances" that would justify equitable tolling of the one-year statute of limitations in Section 2244(d)(1). Therefore, Petitioner has not demonstrated that he is entitled to equitable tolling that would render the filing of his Petition timely. Accordingly, the Court ADOPTS the Magistrate Judge's Report and GRANTS Respondent's Motion to Dismiss because the Petition is untimely.

## C.   Failure to State a Claim

Respondent also moves to dismiss the Petition because Petitioner's claim as to S.B. 620 does not provide federal habeas relief.  (ECF No. 10-1 at 8.)  The Court notes, and Petitioner also notes that the Petition does not allege a claim concerning S.B. 620.  (*See* ECF No. 1, Pet; ECF No. 14 at 12[7]; Dkt. No. 20 at 9.)  The Petition solely claims that his due process and equal protection rights were violated by the state court's failure to correct his enhanced sentence based on a prior conviction in violation of *People v. Jones*, 5 Cal. 4th 1142 (1993).  Respondent seeks to dismiss a claim not alleged by Petitioner. Accordingly, the Court DENIES Respondent's motion to dismiss.

## D.   Certificate of Appealability

Under Rule 11 of the Federal Rules Governing section 2254 cases, this Court must

---

[7] Petitioner states, "Respondent erroneously drafted his Motion to Dismiss and asserted that Petitioner is relying in S.B. 620 to be applied retroactively to his case for either vacating or modifying his gun sentencing.  This assertion is false.  S.B. 620 was never mentioned in Petitioners Federal Habeas Corpus . . . ."  (ECF No. 14 at 12.)

"issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court may not issue a certificate of appealability unless Petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(B)(2).  To prove a substantial showing of denial of a constitutional right, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Here, Petitioner does not make a substantial showing of the denial of a constitutional right, and it is unlikely that reasonable jurists would find this Court's assessment debatable or wrong.  Therefore, the Court DENIES a Certificate of Appealability.

**Conclusion**

This Court **ADOPTS in part** the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's motion to dismiss the petition as untimely, and **DISMISSES** the Petition for Writ of Habeas Corpus. The Court also **DENIES** a certificate of appealability.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated:  August 27, 2020

Hon. Gonzalo P. Curiel
United States District Judge